UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:11-CV-155 JD |
| MYLES B. MENDOZA, MICHAEL SKINNER, WAYNE SKINNER, KAREN SKINNER, BRIAN LUICK, BONNIE LUICK, and GOODRICH QUALITY THEATERS, INC. d/b/a PORTAGE 16 IMAX., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 2, 2011, Kemper Independence Insurance Company ("Kemper") filed a complaint against Myles B. Mendoza, Michael Skinner, Karen Skinner, Wayne Skinner, Bonnie Luick, Brian Luick, and Goodrich Quality Theaters, Inc., d/b/a Portage 16 IMAX. [DE 1]. The defendants in this case, with the exception of the Luicks, comprise the known parties to an underlying state court action. [DE 1 ¶ 3]. There, the Skinners seek redress from Mendoza and Goodrich for damages allegedly suffered when Michael Skinner was injured as a result of a physical altercation with Mendoza outside the Portage 16 IMAX. [DE 1-1]. Neither Kemper nor the Luicks is party to the state court action; Kemper is the issuer of a residential insurance policy covering the home the Luicks share with Mendoza, and Mendoza qualifies as an "insured." [DE 1-2; DE 10-12]. Kemper thus seeks a declaratory judgment relieving it of any duty to indemnify or defend Mendoza in the state court action under the terms of that residential policy. [DE 1].

1

Summons were initially issued on May 2, 2011. Goodrich appeared by counsel on August 3, 2011 [DE 21], but due to a technical defect [DE 36], summons had to be reissued to the remaining defendants thereafter. Kemper served Mendoza, the Luicks and the Skinners by personal service on January 9, 2012. [DE 55-1; 55-2; 55-3; 55-4]. None of those defendants entered an appearance or filed an answer within the allotted time. On February 14, 2012, a clerk's entry of default was entered against Mendoza, the Luicks, and the Skinners [DE 54], and on March 1, 2012, Kemper moved for default judgment against them. Finally, on March 23, 2012, Kemper filed a joint motion for a declaratory judgment of no coverage with Goodrich, the only defending party who actually entered an appearance in this case. Both motions are ripe for a ruling, and the court disposes of them as follows.

**A.     Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend, *see* Fed. R. Civ. P. 55(a), and the clerk has done so already with respect to each defendant against whom Kemper seeks default judgment. [DE 54].

Kemper now asks the court to complete the process by entering a default judgment under Rule 55(b)(2). A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007), and the court exercises its discretion in choosing whether to grant such

2

relief. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). Factors to consider include: (1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are present; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; and (5) whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice and Procedure: Civil* § 2685 (3d ed.); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

The court also notes that, in considering a motion for default judgment, our circuit follows the rule that "the well-pleaded allegations of the complaint relating to liability are taken as true[.]" *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Of course, pleadings that are "no more than conclusions" are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But those which are well-pleaded will be accepted. Beyond that, the court may investigate any matter necessary, including establishing the truth of any allegation by evidence, in order to aid its decision. Fed. R. Civ. P. 55(b)(2). Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are

sufficient to establish a legal claim.[1]

Kemper is entitled to the default judgment it seeks in this case. The complaint simply seeks a declaratory judgment that the Luicks' residential policy does not require Kemper to indemnify or defend the Luicks, Mendoza, or any other party in the underlying suit. And the complaint is replete with detailed factual allegations supporting Kemper's claim, including excerpts from the policy itself. In particular, the complaint reproduces a policy section relating to coverage in the case of a lawsuit for "bodily injury" or "property damage" caused by an "insured" in an "occurrence" to which the policy applies. [DE 1 at 3]. An "occurrence" is defined by the policy as an "accident." But the underlying complaint [DE 1-1] does not allege an accident; it alleges a premeditated assault. Furthermore, the complaint reproduces a policy section specifically excluding bodily injury or property damage which an insured "expected or intended" from coverage. [DE 1 at 4]. These allegations alone are well-pleaded and factually sufficient to entitle Kemper to the relief requested,

---

[1] *See Thomson v. Wooster*, 114 U.S. 104, 113 (1884) (A default judgment "is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true."); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not, however, preclude a party from challenging the sufficiency of the complaint."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."); *Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57-58 (2nd Cir. 1990) (default judgment properly vacated and summary judgment entered for defendants where plaintiff's action had no valid basis); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989) (defaulted party may contest legal sufficiency of allegations in complaint); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981) (Following default, court "need not agree that the alleged facts constitute a valid cause of action."); *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."); *Days Inn Wowrldwide, Inc. v. Mayu & Roshan, LLC*, 2007 WL 1674485 (D.N.J. June 8, 2007) ("Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim."); *Kleartex, Inc. v. Kleartex SDN BHD*, 1994 WL 733688 (S.D.N.Y. May 11, 1994); *Terio v. Great Western Bank*, 166 B.R. 213 (S.D.N.Y. 1994) ("The conclusion that the complaint is subject to dismissal strongly militates against granting Plaintiff's application for a default judgment."); *Weft, Inc. v. G.C. Inv. Associates*, 630 F.Supp. 1138, 1141 (E.D.N.C. 1986) (After default entry, court still bound to "consider whether plaintiff's allegations are sufficient to state a claim for relief.").

but Kemper went even further and attached the coverage policy itself as an exhibit. [DE 1-2]. Its terms are consistent with Kemper's representations. There is a factual basis here for default judgment, and it is hereby **GRANTED** against the defaulting defendants.

**B.     Joint Motion for Declaratory Judgment**

On March 23, 2012, Kemper and Goodrich, the only appearing defendant, filed jointly for a declaratory judgment of no coverage (the same relief Kemper requested against the defaulting parties in DE 55). Now having granted a default judgment against the remaining defendants, the court has no concerns about the effect Kemper and Goodrich's request may have on any third party rights. There being no objection to the motion for entry of an agreed judgment as to Goodrich, and no just reason for delay, the motion [DE 56] is **GRANTED**.

## CONCLUSION

Both Kemper's motion for a default judgment [DE 55] and its joint motion, along with defendant Goodrich, for a declaratory judgment of no coverage [DE 56] are **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of plaintiff Kemper, and against all defendants, declaring that Kemper does not owe Mendoza any indemnity or defense for the claims asserted in the case entitled *Michael Skinner, Wayne Skinner and Karen Skinner v. Myles B. Mendoza, Unknown Persons that Conspired with and Assisted and Goodrich Quality Theaters, Inc., d/b/a Portage 16 IMAX,* Cause No. 45D05-1103-CT-75, pending in Lake Superior Court, Lake County, Indiana, pursuant to Homeowner's Insurance Policy No.: UG389546, issued to Brian and Bonnie Luick. With that, the Clerk may close the case.

SO ORDERED.

DATED:   July 5, 2012   

                                                               /s/ JON E. DEGUILIO   
                                             Judge
                                             United States District Court